T.C. Memo. 2002-82

UNITED STATES TAX COURT

ESTATE OF EARL C. KOESTER, DECEASED, CAROL C. FORTNEY AND ROGER
D. FORTNEY, PERSONAL REPRESENTATIVES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 530-00.                    Filed March 28, 2002.

Roger D. Fortney, for petitioner.

<u>George W. Bezold</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a $45,241 deficiency
in estate tax for Earl C. Koester's estate (the estate).  After
a timely petition was filed, respondent conceded the $45,241
estate tax deficiency.  Following this concession, the estate
argues that the $109,270 estate tax liability it originally
reported on its estate tax return was incorrect.  The estate,

contending that decedent was deprived of equal protection, argues that it should have no estate tax liability.[1]  The issue remaining for our consideration is whether imposition of the estate tax liability is a deprivation of equal protection under the law in violation of the United States Constitution.  Under the circumstances of this case, we are unable to hold that there was a deprivation of equal protection.

## FINDINGS OF FACT[2]

Earl and Mildred Koester, who at all pertinent times were married, owned farmland in Waseca County, Minnesota.  Mr. Koester did not attend school beyond the eighth grade.  Mrs. Koester completed high school.  When the Koesters drafted their wills, they did so with advice from an attorney.

Mrs. Koester died August 11, 1988.  The total value of her estate was $201,101.93.  Her estate included real estate interests in the Koester homestead and an undivided one-half interest in a 120-acre parcel of land.  With the exception of certain cash bequests to her grandchildren, Mrs. Koester, in her will, bequeathed her property to Mr. Koester.  As her estate did

---

[1] The estate also claimed that the Koesters' lack of advanced education resulted in their inability to hire a competent attorney to devise their wills.

[2] Some facts have been stipulated pursuant to Rule 91 and are herein incorporated by reference.

not exceed $600,000 and no tax was due, her estate did not file a Federal estate tax return.

Mr. Koester died December 2, 1996. More than 80 percent of his estate consisted of real estate. The only property that had been jointly owned by the Koesters was a homestead and a 120-acre parcel of land. The remainder of the realty had been solely owned by Mr. Koester. Mr. Koester's estate reported a gross estate of $1,001,999 and an estate tax liability of $109,270.

                              OPINION

The estate points out that a married couple may split their accumulated wealth and legally avoid estate tax on combined assets up to $1,200,000.[3] The estate argues that the Koesters could have devised their wills accordingly and obviated any estate tax burden; however, their lack of advanced education left them unaware of the intricacies of these estate tax provisions. In light of this, the estate contends that the complexity of the Code provisions deprives the less-well educated citizens of their right to equal protection under the law.

We find the estate's argument is misguided. The Koesters were free to will their property in accord with their wishes. They hired an attorney to provide legal assistance in their choices of disposing of their estate. On the record before us,

---

[3] This amount is for the estates of decedents who died before 1998.

we cannot determine whether the Koesters were aware of the provisions that the estate contends would have obviated the incidence of estate tax.  We are limited to considering the tax ramifications based on the facts at hand, not what may have otherwise occurred.  Commissioner v. Natl. Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-49 (1974); Estate of La Sala v. Commissioner, 71 T.C. 752, 764 (1979).

We hold that the $109,270 reported estate tax liability did not result in a violation of decedent's constitutional rights.

To reflect the foregoing,

> A decision reflecting
>
> no deficiency or overpayment
>
> in estate tax will be entered.